IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LUIS PINEDA GALLEGOS, § <br> A# 221 279 937 § <br> § <br> Petitioner, § <br> § <br> vs. § <br> § <br> KRISTI NOEM, Secretary of the U.S. § <br> Department of Homeland Security, *et al.*, § <br> § <br> Respondents. § | CIVIL ACTION NO. H-26-349 |

**ORDER**

The petitioner, Luis Pineda Gallegos, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Joe Corley Processing Center. Through counsel, he has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention pending removal proceedings without a proper bond hearing. (Docket Entry No. 1). After considering the petition, the briefing, and the applicable law, the court grants in part Pineda Gallegos's petition (Docket Entry No. 1) and denies the motion to dismiss (Docket Entry No. 5).

As this court and other courts have articulated in numerous decisions, Pineda Gallegos is properly subject to 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2). *See, e.g.*, *Buenrostro-Mendez v. Bondi*, Civ. Action No. H-25-3726, 2025 WL 2886346 (S.D. Tex. Oct. 7, 2025); *Gutierrez v. Thompson*, Civ. Action No. 4:25-4695, 2025 WL 3187521 (S.D. Tex. Nov. 14, 2025); *Buestan v. Chu*, No. 25-cv-16034, 2025 WL 2972252 (D.N.J. Oct. 21, 2025); *see also* Kyle Cheney, *More Than 100 Judges Have Ruled Against the Trump Admin's Mandatory Detention Policy*, POLITICO (Oct. 31, 2025), https://perma.cc/H6MZ-VC2Z. The court also notes that a district court in the

Central District of California certified a class of petitioners similarly situated to Pineda Gallegos; granted summary judgment in their favor, holding that § 1226, not § 1225, applies to those in Pineda Gallegos's position; and entered a final judgment so declaring. *Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). The court has found no reason to depart from its prior decisions, the class-action judgment from which the petitioner benefits, or the decisions of dozens of other courts.[1]

The respondents must provide Pineda Gallegos with a bond hearing under § 1226(a) by **February 10, 2026**, or release him. The parties are to update the court on the status of his bond hearing no later than **February 13, 2026**.

SIGNED on January 27, 2026, at Houston, Texas.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　Lee H. Rosenthal
　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge

---

[1] The court rejects the respondents' other challenges to the habeas petition. As the court explained in *Buenrostro-Mendez*, exhaustion does not bar this court's review of the petition. *See Buenrostro-Mendez*, 2025 WL 2886346, at *3.